

FILED
APR 29 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| FLORENCE TEN FINGERS, as Special Administrator of the Estate of Jacqueline Sioux Ten Fingers, | ) ) ) ) | CIV. 06-5100-RHB |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

On December 8, 2006, plaintiff, Florence Ten Fingers, in her capacity as the administrator of the estate of Jacqueline Sioux Ten Fingers (Jacqueline), commenced this action with the filing of a complaint pursuant to the Federal Tort Claims Act (FTCA). The complaint alleges that Jacqueline was a member of the Oglala Sioux Tribe who had received medical treatment at the government hospital facility located on the Pine Ridge Indian Reservation. The complaint alleges that between July of 1999, and October of 2002, Jacqueline sought treatment for pain in her back, chest, and arm. Despite many presentations to the emergency room and hospital, Jacqueline was not properly diagnosed until June of 2002, when she presented at the Mayo Clinic. Plaintiff alleges that defendant's failure to properly examine, diagnosis and treat Jacqueline's condition resulted in Jacqueline's death. Defendant denies the allegations and moves for summary judgment.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material

facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Based on the foregoing, the trilogy of Celotex, Anderson, and Matsushita provides the Court with a methodology in analyzing a motion for summary judgment. See generally 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving parties to establish significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

Under the FTCA, the Court is to apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The facts alleged in the complaint show that the incidents complained of occurred on the Pine Ridge Indian Reservation located in the state of South Dakota. As a result, the Court must apply South Dakota law.

Under South Dakota law, "negligence [in a medical malpractice case] must be established by the testimony of medical experts." Magbuhat v. Kovarik, 382 N.W.2d 43, 46 (S.D. 1986) (citing Block v. McVay, 126 N.W.2d 808, 810 (S.D. 1964)). "[A] verdict in a malpractice case based on inference stemming from speculation and conjecture cannot stand." Magbuhat, 382 N.W.2d at 46 (citing Lohr v. Watson, 2 N.W.2d 6 (S.D. 1942)). Here, plaintiff is alleging that Jacqueline's death was the result of negligent examination, diagnosis, and treatment. A layperson would need an expert's assistance in determining

if the examination, diagnosis, or treatment was negligent.  As a result, expert testimony is required.

Under the Scheduling Order dated February 8, 2008, plaintiff was given until March 1, 2008, to designate an expert and disclose the expert's reports.  Plaintiff has not designated any such expert.  Moreover, plaintiff has not requested further time from the Court to retain an expert.  As it is clear under South Dakota law that expert testimony would be required for plaintiff to prove her case, without an expert her case fails.  Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment (Docket #23) is granted.

Dated this 28th day of April, 2008.

BY THE COURT:

*/s/ Richard N. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE